NOTE: CHANGES MADE BY THE COURT

(See pages 10 and 15)

Donald L. Ridge (SBN 132171)
*dridge@mpplaw.com*
**MORRIS POLICH & PURDY LLP**
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Telephone: (213) 891-9100
Facsimile: (213) 488-1178

Megan Whyman Olesek (SBN 191218)
molesek@kenyon.com
KENYON & KENYON LLP
1801 Page Mill Road, Suite 210
Palo Alto, CA 94304-1216
Telephone: (650) 384-4700
Facsimile: (650) 384-4701

George E. Badenoch (pro hac vice)
gbadenoch@kenyon.com
John Flock (pro hac vice)
jflock@kenyon.com
Thomas R. Makin (pro hac vice)
tmakin@kenyon.com
KENYON & KENYON LLP
One Broadway
New York, New York 10004-1050
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

Attorney for Defendants and Counterclaimants
Toyota Motor Corporation, Toyota Motor North
America, Inc.; and Toyota Motor Sales, U.S.A., Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### (Western Division – Los Angeles)

| | |
|---|---|
| DENNIS FERNANDEZ<br><br>Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR CORPORATION, TOYOTA MOTOR NORTH AMERICA, INC., and TOYOTA MOTOR SALES, U.S.A., INC.,<br><br>Defendants. | Case No. **2:11-cv-09605-ODW (PLAx)**<br><br>**PROTECTIVE ORDER** |

And Related Counterclaims.

Based on the Parties' Joint Stipulation and for good cause appearing, IT IS HEREBY ORDERED that this Protective Order shall apply to all information, documents, testimony, and things subject to discovery in this Action and believed by a party, or by a non-party from whom discovery is requested, to contain trade secrets or other proprietary or confidential research, development, financial, or commercial information within the meaning of Rule 26(c), as set forth below:

**1.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties stipulated to and petitioned the court to enter the Stipulated Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4 below, this Stipulated Protective Order does not entitle the parties to file confidential information under seal; Local Civil Rule 79-5.1 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.     DEFINITIONS**

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designated House Counsel: A maximum of two (2) House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.  Plaintiff Dennis Fernandez is not Designated House Counsel.

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of any other Party or of any other Party's competitor, or himself/herself a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail

the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10   House Counsel: attorneys who are employees of a Party to this action and who are responsible for advising their employer with respect to this litigation. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12   Outside Counsel of Record: attorneys who are not Parties to this action and are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party. Outside Counsel of Record does not include Plaintiff Dennis Fernandez.

2.13   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.**    **SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.**    **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law; *provided however*, that this Order shall not apply to information, documents, things, and testimony sought to be introduced at trial. Issues involving the admissibility and confidential nature, if any, of evidence sought to be introduced at trial shall be addressed in the Pre-trial Exhibit Stipulation and the Final Pre-trial Conference, or as otherwise prescribed by the presiding

judge, and the manner of presentation and use of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" material at trial shall be addressed at that time by the presiding judge and the conditions set forth in this Order shall not be binding on the presiding judge.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is reasonable and practical to do so consistent with the method of searching and producing, the Designating Party must designate for protection only the material, documents, items, or oral or written communications that qualify - so that material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.  In the event that a Receiving Party believes that information or items have been improperly designated, the Receiving Party shall identify the specific material for which designations are challenged and the Producing Party shall have ten days after the identification to re-designate the identified materials without penalty.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material.

(b) <u>for testimony given in deposition or in other proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, or within five days thereafter, all protected testimony and specify the level of protection being asserted. When it is impractical to identify

- 7 -

separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded, or within five days thereafter) the right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.

Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for ten days following the Designating Party's receipt of the transcript.  The Designating Party may then confirm (affirmatively, or by allowing the ten days to expire without objection) the designation of the entire transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The failure of a Party to object to the Designating Party's designation of an entire transcript (or portions thereof) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not constitute a waiver or otherwise render those non-confidential portions of the transcript "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for the entirety of this action.  Instead, the parties agree that disputes over the designation of a transcript can be addressed and resolved subsequent to the expiration of the ten days following the Designating Party's receipt of the transcript.

A Party shall give the other parties notice if it reasonably expects a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those

proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE.".

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable,

substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within seven days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file and serve a motion to challenge confidentiality under Local Civil Rules 37-1 et seq. (and in compliance with Local Civil Rule 79-5.1, if applicable), but shall do so within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The

Challenging Party's motion challenging a confidentiality designation shall demonstrate good cause, including a challenge to the designation of a deposition transcript or any portions thereof.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  However, improper designations, frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties), maintained following the meet and confer process, may expose the Challenging Party to sanctions.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.** **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f)     court reporters and their staff;

(g)     professional jury or trial consultants who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     with respect to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items, Designated House Counsel of the Receiving Party who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;[1]

(c)     Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(d)     the court and its personnel;

(e)     Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f)     court reporters and their staff;

(g)     professional jury or trial consultants who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Designated House Counsel or Experts.

(a)(1)   Notwithstanding the above, unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to

---

[1]  This Order contemplates that Designated House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE."

Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to Paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities.

(a)(2)   Notwithstanding the above, unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to Paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[2] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)   A Party that makes a request and provides the information specified in

---

[2]   If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

the preceding respective paragraphs [(a)(1) and (a)(2)] may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within ten days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Local Civil Rule 37-1 et seq. (and in compliance with Local Civil Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

## 8.     PROSECUTION BAR

Absent written consent from the Producing Party, any individual[3] who

---

[3]  By "individual," this order does not mean to extend this bar to reach all the members of the firm, company, or

receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" technical information related to a product or service of the Producing Party shall not be involved in the prosecution of (i) any patent application claiming priority to or otherwise related to the patents asserted in this action, (ii) any patent, patent application, reissue, reexamination, inter partes review, or post-grant review proceeding relating to the subject matter of the patents asserted in this action and/or (iii) any patent, patent application, reissue, reexamination, inter partes review, or post-grant review proceeding relating to the subject matter of the technical "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information the individual receives, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly preparing, drafting, amending, advising, filing, responding to office actions, or otherwise affecting the scope or maintenance of patent claims.[4]  This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

Nothing in this section in intended to prohibit Plaintiff's Outside Counsel of

---

organization in or by which the individual is employed, which members have not received such access.

[4]  Prosecution includes, for example, original prosecution and reissue proceedings.  Prosecution also includes reexamination, inter partes review, and post-grant review proceedings.  For example, even if a reexamination or review concerning the patents-in-suit is initiated by or on behalf of Defendants (or a reissue proceeding initiated by or on behalf of Plaintiff), Plaintiff's Outside Counsel of Record may not rely in any way on "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information supplied by Defendants in the course of this litigation.  Notwithstanding the foregoing, Plaintiff's Outside Counsel of Record may otherwise participate in the reexamination or reissue proceedings by directly or indirectly preparing, drafting, amending, advising, filing, and/or responding to office actions, but only to the extent that Plaintiff's Outside Counsel of Record is limited to those efforts to distinguish prior art references subject of the reexamination or reissue proceedings and is in no way reliant upon "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information supplied by Defendants in the course of this litigation.

Record from forwarding validity contentions and/or arguments or prior art produced in this action to the client.

**9.      SOURCE CODE**

(a)      To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)      Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.

(c)      Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers and without access to cellular phones, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party shall provide access to a landline telephone in the secured room.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d)      The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings,

pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the source code other than electronically as set forth in Paragraph (c) in the first instance. The Producing Party shall provide all such source code in paper form on colored, watermarked paper, including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Section 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party may make up to five additional paper copies of each paper copy provided by the Producing Party pursuant to Paragraph 9(d) if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. The Receiving Party may only make such additional paper copies on colored paper that contains a watermark. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

## 10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[5]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 11.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by

---

[5]   The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[6]  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this

---

[6]   The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

1    Stipulated Protective Order, the Receiving Party must immediately (a) notify in

2    writing the Designating Party of the unauthorized disclosures, (b) use its best

3    efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the

4    person or persons to whom unauthorized disclosures were made of all the terms of

5    this Order, and (d) request such person or persons to execute the "Acknowledgment

6    and Agreement to Be Bound" that is attached hereto as Exhibit A.

7    **13.    NO WAIVER OF PRIVILEGE**

8            The inspection or production of documents (including physical objects) shall

9    not constitute a waiver of attorney-client privilege, work product immunity, or any

10   other applicable privilege if, after the Producing Party becomes aware of any

11   inadvertent or unintentional disclosure, the Producing Party designates any such

12   documents as protected by the attorney-client privilege, work product immunity or

13   any other applicable privilege and requests return of such documents.  Upon request

14   by the Producing Party, the Receiving Party immediately shall return all copies of

15   such inadvertently produced document(s), including retrieving and returning any

16   and all copies distributed to others (e.g., experts, consultants, vendors).  Nothing

17   herein shall prevent the Receiving Party from challenging the assertion of the

18   attorney-client privilege, work product immunity or other applicable privilege by

19   submitting a written challenge to the Court; provided, however, that no showing of

20   inadvertence will be required in order to preserve the privilege or immunity.  The

21   Receiving Party may not retain any inadvertently produced documents pending the

22   Court's resolution of a challenge to a designation of privilege, and may not use the

23   inadvertently produced documents to challenge the designation of privilege as to

24   those documents.  In addition, Federal Rule of Evidence 502(d) shall apply, such

25   that the privileged and/or protected nature of any document is not waived by its

26   disclosure connected with the litigation pending before this Court.

27   **14.    MISCELLANEOUS**

28           14.1   Right to Further Relief.  Nothing in this Order abridges the right of any

- 21 -

1   person to seek its modification by the court in the future.

2       14.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this
3   Protective Order no Party waives any right it otherwise would have to object to
4   disclosing or producing any information or item on any ground not addressed in
5   this Stipulated Protective Order.  Similarly, no Party waives any right to object on
6   any ground to use in evidence of any of the material covered by this Protective
7   Order.

8       14.3   <u>Export Control</u>.  Disclosure of Protected Material shall be subject to all
9   applicable laws and regulations relating to the export of technical data contained in
10  such Protected Material, including the release of such technical data to foreign
11  persons or nationals in the United States or elsewhere. The Producing Party shall be
12  responsible for identifying any such controlled technical data, and the Receiving
13  Party shall take measures necessary to ensure compliance.

14      14.4   <u>Filing Protected Material</u>.  Without written permission from the
15  Designating Party or a court order secured after appropriate notice to all interested
16  persons, a Party may not file in the public record in this action any Protected
17  Material.  Subject to the preceding sentence, to the extent that any Protected
18  Material subject to this Protective Order (or any pleading, motion, or memorandum
19  referring to them) is proposed to be filed or is filed with the Court, those materials
20  and papers, or any portion thereof which discloses Confidential or Restricted
21  Confidential information, shall be presented to the judge (by the filing party)
22  accompanied by an application to file under seal in accordance with the procedures
23  set forth in Local Rule 79-5.1 and shall be marked "CONFIDENTIAL
24  INFORMATION FILED UNDER SEAL" on the outside of the sealing envelopes;
25  such application shall be directed to the judge to whom the papers are directed.
26  Pending a ruling on the application submitted in accordance with Local Rule 79-
27  5.1, the papers or portions thereof subject to the application shall be lodged under
28  seal.  However, only those portions of filings containing Confidential or Restricted

Confidential information shall be filed under seal.  The filing party shall also file with the Court for regular filing a redacted version of any filing submitted under Local Rule 79-5.1 in which any Confidential and/or Restricted Confidential information shall be redacted.

14.5   The Parties acknowledge and agree that nothing in paragraphs 6.1, 6.2, 6.3, and 7.4 of this protective order is intended to be construed inconsistently with the rights and obligations of the Parties under Local Rules 37-1 through 37-4 governing cooperation during discovery, and that, in the event of any inconsistency, the procedures defined by the Local Rules shall govern.  If the Parties wish to file the Joint Stipulation (or portions thereof) required by Local Rule 37-2 under seal, the Parties may file a separate stipulation to that effect, or the moving party may file an ex parte application making the appropriate request.  The Parties acknowledge and agree that the stipulation or ex parte application must demonstrate good cause as to why the Joint Stipulation or portions thereof should be filed under seal.

## 15.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party, including any employees, such as  House Counsel, and each Expert, must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party or Expert must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party or Expert has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

1   Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

2   pleadings, motion papers, trial, deposition, and hearing transcripts, legal

3   memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

4   work product, and consultant and expert work product, even if such materials

5   contain Protected Material.  Any such archival copies that contain or constitute

6   Protected Material remain subject to this Protective Order as set forth in Section 4

7   (DURATION).

8          PURSUANT TO STIPULATION, IT IS SO ORDERED.

9

10  DATED: August 22, 2012          _____

11                                  Hon. Paul L. Abrams
                                    UNITED STATES MAGISTRATE JUDGE

12  Presented by:

13  **CLEARMAN PREBEG LLP**              **MORRIS POLICH & PURDY LLP**

14

15  By: _____          By: _____
           Stephen W. Abbott                    Donald L. Ridge

16  Matthew J.M. Prebeg                Megan Whyman Olesek (SBN 191218)
17  (Texas Bar No. 00791465)           molesek@kenyon.com
    mprebeg@clearmanprebeg.com         **KENYON & KENYON LLP**
18  Admitted Pro Hac Vice              1801 Page Mill Road, Suite 210
    Stephen W. Abbott                  Palo Alto, CA  94304-1216
19  (Texas Bar No. 00795933)           Phone:  (650) 384-4700
    sabbott@clearmanprebeg.com         Fax:  (650) 384-4701
20  Admitted Pro Hac Vice
    Christopher M. Faucett             George E. Badenoch (pro hac vice)
21  (Texas Bar No. 00795198)           gbadenoch@kenyon.com
    cfaucett@clearmanprebeg.com        John Flock (pro hac vice)
22  Admitted Pro Hac Vice              jflock@kenyon.com
    **CLEARMAN | PREBEG LLP**          Thomas R. Makin (pro hac vice)
23  815 Walker Street, Suite 1040      tmakin@kenyon.com
    Houston, Texas  77002              **KENYON & KENYON LLP**
24  Telephone:  (713) 223-7070         One Broadway
    Facsimile:  (713) 223-7071         New York, New York 10004-1050
25                                     Phone:  (212) 425-7200
                                       Fax:  (212) 425-5288
26
                                       Attorneys for Defendants and
27                                     Counterclaimants *Toyota Motor*
                                       *Corporation, Toyota Motor North*
28                                     *America, Inc.; and Toyota Motor Sales,*
                                       *U.S.A., Inc.*

Alan M. Kindred, SBN 135145
Alan.Kindred@kindredposey.com
Ivan Posey, SBN 196386
Ivan.Posey@kindredposey.com
**KINDRED | POSEY**
1603 Manor Gate Road
Hacienda Heights, CA 91745
Phone:  (888) 499-5558
Fax:  (213) 559-8822

Attorneys for Plaintiff,
*Dennis Fernandez*

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on _____ [date] in the case of *Dennis Fernandez v. Defendants Toyota Motor*

*Corporation, Toyota Motor North America, Inc., and Toyota Motor Sales, U.S.A.,*

*Inc.,* No. 2:11-CV-09605-ODW (PLAx).  I agree to comply with and to be bound

by all the terms of this Stipulated Protective Order, and I understand and

acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action

or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

- 26 -